Gregory A. Phillips
Attorney General

John D. Rossetti
Deputy Attorney General

Thomas W. Rumpke [Wyo. Bar No. 6-2975]
Senior Assistant Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, Wyoming 82002
(307) 777-5996
(307) 777-8920 Facsimile
Tom.rumpke@wyo.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ELLA-VERNEL WAGNER, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>FREEDOM MORTGAGE )<br>CORPORATION, ROBERT J. HOPP )<br>& ASSOCIATES, LLC., STATE OF )<br>WYOMING, BIG HORN COUNTY )<br>SHERIFF KEN BLACKBURN, )<br>NORMAN HOWARD SAHM, )<br>)<br>  Defendants. ) | Case No. 12-CV-009-J |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BLACKBURN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**COMES NOW**, the Big Horn County Sheriff Ken Blackburn, by and through the Office of the Attorney General, and hereby submits the following Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Complaint (Doc. #1).

## I.   FACTUAL ALLEGATIONS AGAINST SHERIFF BLACKBURN

Plaintiff, Ella-Vernel: Wagner (herein "Wagner") appears to be involved in a foreclosure matter with Ampro Mortgage Corporation, United Financial Mortgage Corporation, Freedom Mortgage Corporation, and "Collection Entity Hopp." (*See* Doc. #1 at Counts 1 & 2). The only allegations against Sheriff Blackburn appear in Count 4. There, Wagner alleges that Sheriff Blackburn was acting in concert with "out of state inland piracy." Wagner claims that this constitutes "Fraud, misuse of Public Funds, Racketeering, and Conspiracy . . . ." There are no other allegations (factual or otherwise) against Sheriff Blackburn.

## II.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

*Wagner v. Freedom Mortgage, et al.,* Case No. 12-CV-009-J
Memorandum of Law in Support of Defendant Blackburn's Motion to Dismiss Plaintiff's Complaint
Page 2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* standard requires application of two principles: "(1) when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions, and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss[.]' " *Khalik v. United Air Lines*, __ F.3d __, 2012 WL 364058, *2 (10th Cir. Feb. 6, 2012) (quoting *Iqbal*, 129 S.Ct. at 1949, 1950 (internal citations omitted)). "Thus, mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice." *Khalik*, 2012 WL 364058, *2 (internal quotation marks and citations omitted). Under the Federal Rules, a party is entitled to judgment when it appears on the face of the complaint that no claim for relief has been pleaded. Fed. R. Civ. P. 12(b)(6). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

*Wagner v. Freedom Mortgage, et al.,* Case No. 12-CV-009-J
Memorandum of Law in Support of Defendant Blackburn's Motion to Dismiss Plaintiff's Complaint
Page 3

### III.   ARGUMENT

#### (A)   THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Wagner seeks to invoke the admiralty jurisdiction of the court. (*See* Doc. #1 at 1 (citing 28 U.S.C. § 1333)). There are no operative facts that would indicate this case involves an admiralty claim. "An ordinary mortgage of a vessel, whether made to secure the purchase money upon the sale thereof or to raise money for general purposes, is not a maritime contract. A court of admiralty, therefore, has no jurisdiction of a libel to foreclose it, or to assert either title or right of possession under it." *The J.E. Rumbell*, 148 U.S. 1, 15 (1893). In this case, the mortgage at issue does not even appear to involve a vessel, but instead a house. The only reasonable inference from the limited facts contained in the Complaint is that this case involves a mortgage on a house in Big Horn County, Wyoming. Thus, there are no factual allegations that would allow Wagner to invoke the admiralty jurisdiction of this Court.

Therefore, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1333. Consequently, Wagner's Complaint must be dismissed.

*Wagner v. Freedom Mortgage, et al.,* Case No. 12-CV-009-J
Memorandum of Law in Support of Defendant Blackburn's Motion to Dismiss Plaintiff's Complaint
Page 4

### (B)  WAGNER FAILS TO STATE A PLAUSIBLE CLAIM UNDER *IQBAL*.

Wagner fails to plead any operative facts as to what Sheriff Blackburn allegedly did, or did not, do. She merely concludes that he engaged in "inland piracy" which constitutes fraud, conspiracy, racketeering, and misuse of public funds. "[W]hen legal conclusions are involved in the complaint the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. *Khalik*, __ F.3d __, 2012 WL 364058, *2 (internal citations and quotation marks omitted). Consequently, the Court does not have to accept as true that Sheriff Blackburn engaged in fraud, conspiracy, racketeering, or the misuse of public funds.

Absent some operative facts, Wagner fails to nudge her Complaint from the conceivable to the plausible. *See Twombly,* 550 U.S. at 557. Therefore, Wagner's Complaint against Sheriff Blackburn must be dismissed.

### (C)  WAGNER'S COMPLAINT MUST BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

Finally, Wagner has failed to properly serve her Complaint. Therefore, pursuant to Fed. R. Civ. P. 12(b)(4), Wagner's complaint must be dismissed.

*Wagner v. Freedom Mortgage, et al.,* Case No. 12-CV-009-J
Memorandum of Law in Support of Defendant Blackburn's Motion to Dismiss Plaintiff's Complaint
Page 5

"Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (citation and quotation marks omitted). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.*

Under the Federal Rules, Sheriff Blackburn may be served by personally delivering a copy of a summons and complaint to him, or by any other method permitted under Wyoming law. Fed. R. Civ. P. 4(e). Under Wyoming law, individual defendants must be served by personally delivering a copy of the summons and complaint to the individual defendant or by delivering the summons and complaint at the person's usual place of business. Wyo. R. Civ. P. 4(d)(1). A plaintiff cannot effectuate service by registered or certified mail upon a person residing in Wyoming. *See* Wyo. R. Civ. P. 4(l). "Strict compliance with the requirements of service of process is mandatory. "Any omissions of statements that are required under W.R.C.P. 4 are fatal and such omission prevents the trial court from obtaining jurisdiction of the defendant. A judgment entered without

*Wagner v. Freedom Mortgage, et al.*, Case No. 12-CV-009-J
Memorandum of Law in Support of Defendant Blackburn's Motion to Dismiss Plaintiff's Complaint
Page 6

proper service of the summons is void and subject to attack directly or collaterally." *Hoke v. Motel 6 Jackson*, 131 P.3d 369, 374 (Wyo. 2006) (internal citations omitted).

Wagner only attempted service by mailing a copy of the complaint to Sheriff Blackburn. (Ex. A, Affidavit of Sheriff Ken Blackburn). It does not appear Wagner has attempted to have a summons issued for Sheriff Blackburn. (*See* Doc. #2). Moreover, it does not appear Wagner has moved for service of Sheriff Blackburn at government expense. It only appears she asked Norman Howard Sahm be served at government expense. (*See* Doc. #3). Thus, it appears that she is attempting service on Sheriff Blackburn by certified mail without a summons.

Service by certified mail is insufficient under the Federal Rules and Wyoming law. Additionally, service without a proper summons is insufficient. It is not necessary to permit Wagner time to correct her defective service. *See* Fed. R. Civ. P. 4(m) (providing plaintiff 120 days to serve a complaint). As noted above, Wagner's Complaint fails to properly invoke the subject matter jurisdiction of this Court and fails to allege sufficient facts to state a plausible claim.

*Wagner v. Freedom Mortgage, et al.,* Case No. 12-CV-009-J
Memorandum of Law in Support of Defendant Blackburn's Motion to Dismiss Plaintiff's Complaint
Page 7

Therefore, even if Wagner were able to complete service and gain personal jurisdiction over the Sheriff Blackburn, this Court would lack subject matter jurisdiction. Consequently, Wagner's complaint must be dismissed since this Court lacks personal jurisdiction due to insufficient service of process.

## IV. CONCLUSION

For the foregoing reasons, Defendant Sheriff Blackburn respectfully request that Wagner's Complaint (Doc. #1) be dismissed *in toto.*

**DATED** this 1st day of March, 2012.

/s/ Thomas W. Rumpke
Thomas W. Rumpke
Senior Assistant Attorney General

### CERTIFICATE OF SERVICE

I do hereby certify that I sent the following document *via* U.S. mail postage pre-paid on this 1st day of March, 2012, and served the following individual:

Ella-Vernel Wagner
820 Lane 42
Burlington, Wyoming 82411-9746

/s/ MaryBeth Jones
Office of the Attorney General

*Wagner v. Freedom Mortgage, et al.,* Case No. 12-CV-009-J
Memorandum of Law in Support of Defendant Blackburn's Motion to Dismiss Plaintiff's Complaint
Page 8