

**FILED**

*3:54 pm, 4/9/12*
**Stephan Harris**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ELLA-VERNEL WAGNER,<br><br>Plaintiff(s),<br><br>vs.<br><br>FREEDOM MORTGAGE CORPORATION, ROBERT J. HOPP & ASSOCIATES, LLC., STATE OF WYOMING, BIGHORN COUNTY SHERIFF KEN BLACKBURN, NORMAN HOWARD SAHM,<br><br>Defendant(s). | Case No. 12-CV-009-J |

**ORDER STRIKING PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**THIS MATTER** has come before the Court on Defendant Blackburn's Motion to Strike Plaintiff's Response (Docket #10) to Defendant Blackburn's Motion to Dismiss Plaintiff's Complaint (Docket #6). Plaintiff, Wagner, has captioned her response as "Plaintiff's Answer to Memorandum Entry of Added Defendants in Admiralty." (Docket # 9). Plaintiff has also added the Attorney General, Gregory A. Philips, and Assistant Attorneys General, John D. Rossetti and Thomas D. Rumpke as Defendant parties in the case

caption. She alleges only that her action was "brought under my right to contract, the Ninth Amendment and Public Law 97-280, supported by Act of State with Apostil #53041. . .." Plaintiff contends that the "Attorney General and others in his MEMORANDUM/MOTION TO DISMISS have entered into the terms of this contract and are now subject to the consequences."

By filing a pleading in behalf of a client the Attorney General and his staff have not entered into a contract with the Plaintiff. It is the Plaintiff who has brought a claim against the Defendant Sheriff, who although not in privity with the Court, has agreed to abide by the rules and governing law of this Court. Her citations to the Ninth Amendment to the United States Constitution[1] and Public Law 97-280 are unavailing and do not support Plaintiff's assertion that Mr. Philips, Mr. Rossetti and Mr. Rumpke have somehow been ensnared in Plaintiff's litigation effort.

Under Fed.R.Civ.P. 12(f) the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Her "Answer" to the Defendants' Motion to Dismiss fails to address the arguments presented by and in behalf of Sheriff Blackburn and raises against his counsel a wholly immaterial claim that somehow they have become embroiled in Plaintiff's "contract." As noted by counsel for the Sheriff,

---

[1] The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people.

naming Defendant Blackburn's counsel as defendant parties borders on scandalous because of the needless and groundless effect that joining them in this lawsuit has on their separate lives.

**IT IS ORDERED** that Defendant Sheriff Ken Blackburn's Motion to Strike Plaintiff's Response should be and the same is **GRANTED** and pursuant to Fed.R.Civ.P. 12(f) the Plaintiff's Answer to Memorandum Entry of Added Defendants in Admiralty is **STRICKEN**.

Dated this 9th day of April, 2012.

Alan B. Johnson
United States District Judge