FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 APR 20 AM 8 48

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ELLA-VERNEL: WAGNER,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br>ROBERT J. HOPP & ASSOCIATES, LLC,<br>BIG HORN COUNTY SHERRIFF<br>KEN BLACKBURN, NORMAN HOWARD<br>SAHM and THE STATE OF WYOMING,<br><br>Defendants. | Case No. 12-CV-009-J |

**ORDER DISMISSING CASE WITH PREJUDICE**

**THIS MATTER** came before the Court by *Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim* (Doc. 1), filed by Ella-Vernel: Wagner, who describes herself as "Plaintiff in Admiralty, Secured Party Creditor, a Natural Woman, created by God . . . seeking a remedy in Admiralty as is provided by 'The Savings to the Suitors Clause' at USC 28 - 1333(1)." (Doc. 1 at 1-2.) Accepting Wagner's submission as an adequate pleading for the purpose of this discussion only, the Court has carefully reviewed and considered Wagner's claims and finds that they are wholly frivolous and need not be entertained further by this Court.[1]

---

[1] Lending more support to our ultimate determination that this action is legally frivolous, the Court notes that the Federal Rules of Civil Procedure only recognize specific documents as

After making all allowances for *pro se* pleadings, the Court is unable to perceive that any of the statements in Wagner's *Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim* (Doc. 1) provide a basis for finding that any cognizable cause of action has been alleged therein. In the introductory headings for Wagner's document, the following is set out, which is indicative of the obtuse and bewildering nature of her entire submission:

**NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY, AB INITIO, ADMINISTRATIVE REMEDY**
**Notice to Agent is Notice to Principal Notice to Principal, is Notice to Agent**
Silence is Acquiescence, Agreement, and Dishonor
This is a self-executing contract.

[28 U.S.G. §1333, §1337, §2461 and §2463]

(Doc. 1 at 1.)

The Court has struggled to determine the precise nature of Wagner's claims against the named defendants, whom she has denominated "Defendants in Admiralty, Severally and Individually, All," notwithstanding that nothing she has alleged indicates why admiralty jurisdiction (*i.e.*, maritime law) should govern here.[2] (*Id.*) The crux of Wagner's submission[3]

---

pleadings. Fed. R. Civ. P. 7(a). The above titled document is not one of the documents enumerated in Rule 7(a) and should thus be dismissed under the Federal Rules. Further, as the Court will discuss in detail below, even if this document were designated as one of the accepted pleadings, it fails to allege a set of facts, which, if proved, would entitle Plaintiff to relief, consisting instead of conclusory allegations that make dismissal the proper response. *See Ameen Bey v. Stumpf*, 2011 WL 4962326 (D.N.J. 2011).

[2] Wagner does designate United Financial Mortgage Corporation's alleged refusal to answer her letters seeking proof of its claim on her debt as "un-refuted [sic] fact of inland piracy"; however, this figurative, speculative allegation of piracy cannot warrant the application of admiralty jurisdiction, as we discuss at length below. (Doc. 1 at 3.)

2

appears to be a demand to inspect a mortgage note pursuant to a mortgage agreement she once entered with Ampro Mortgage Corporation. Wagner alleges Ampro sold the note to United Financial Mortgage Corporation and failed to credit her account. While neither Ampro nor United Financial Mortgage are defendants in this case, Wagner's allegations further indicate that the "collection entity Hopp," presumably Defendant Robert J. Hopp & Associates, LLC, now seeks to collect her debt on the note on behalf of United Financial Mortgage. (Doc. 1 at 2.) However, Wagner contends that she previously settled this debt by tendering a lawful note to Defendant Freedom Mortgage Corporation for it, although Freedom Mortgage "has chosen to dishonor [her] lawful Note and has refused to zero the account." (*Id.*)

As for Defendant Sherriff Ken Blackburn, Wagner alleges that "[t]he Big Horn County Sherriff's office is acting in concert with out of state inland piracy" (Doc. 1 at 3), by which she presumably references her designation of United Financial Mortgage's failure to respond to her demands for proof of its claim as "inland piracy," as discussed in footnote 2. (*Id.*)

Defendant Norman Howard Sahm's connection to the above allegations is less clear. Wagner accuses him of having "crossed state lines to avoid service," constituting "Dishonor in Commerce and Fraud." (*Id.*) Whether she thereby means to implicate military or some other

---

[3] This submission, *Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim* (Doc. 1), is in fact the only one under the Court's proper consideration in this matter. While Wagner also recently filed a response to Defendant Sherriff Ken Blackburn's motion to dismiss (*Plaintiff's Answer to Memorandum Entry of Added Defendants in Admiralty* (Doc. 9)), this Court has stricken that filing on the grounds that it was wholly immaterial and nonresponsive. Wagner's *Second Answer to Second Attorney Generals' Motion to Strike and Notice of Default by Attorney General* (Doc. 12) shall also be disregarded by this Court, for it appears to oppose Blackburn's aforementioned motion to strike, although it was filed several days after this Court ruled on that motion.

kind of service potentially more pertinent to the above allegations is unclear. Wagner's submission also indicates that copies of it were mailed to Wyoming Governor Matt Mead and Wyoming Secretary of State Max Maxfield, presumably pursuant to her having named the State of Wyoming as a defendant in this case; however, none of these defendants are referenced again.

In short, Wagner's claims present a disjointed conspiracy theory at best, although perhaps they are more aptly described as simply nonsensical.[4] Nonetheless, because Wagner is proceeding *pro se,* the Court will liberally construe her submission, which, as noted above, we consider as a pleading only for the purpose of this Order.

This liberal construction, however, does not obligate the Court to "supply additional factual allegations to round out a plaintiff's complaint or [to] construct a legal theory on a plaintiff's behalf." *Strepka v. Miller,* 28 Fed.Appx. 823, 825 (10th Cir. 2001), quoting *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Gee v. Pacheco,* 627 F.3d 1178, 1183 (10th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562 (2007)). Indeed, they must enable the Court to "plausibly infer the necessary unarticulated assumptions . . . for [it] to

---

[4] This is to say nothing of the outlandish section of Wagner's brief entitled "Counterclaim," in which she warns the defendants that if they do not "cure their Dishonor" within twenty-one days by either proving their claims or dismissing her debts, they will owe her one million dollars for failure to state a claim upon which relief can be granted, one million dollars for failure to respond to her letters, one million dollars for default, one million dollars for "Dishonor in Commerce," one million dollars for fraud, one million dollars for racketeering, one million dollars for theft of public funds and one million dollars for "Failure to pay Counterclaim in full within (30) Thirty Calendar Days of Default," a sum to be enhanced by a multiple of seven to account for punitive damages. (Doc. 1 at 5.) Wagner has also detailed the interest scheme that will apply to these charges. However, nowhere has she suggested what authority might validate any of her extreme figures.

4

infer potential victory" for the plaintiff. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

In *Ashcroft v. Iqbal*, the Supreme Court provided the following guidance in assessing the adequacy of a pleading:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S.Ct. 1955 (brackets omitted).

556 U.S. 662, 677-78 (2009).

In accordance with these guidelines, a litigant must assert specific facts implicating each named defendant in any alleged wrongdoing: personal involvement by a defendant is an indispensable claim. Wagner's *Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim* (Doc. 1) is notably lacking the critical *who*, *what*, *when*, *where* and *how* needed to support her vague assertions. As such, it does not present a cognizable cause of action

against the named defendants, let alone "provide enough factual allegations for a court to infer potential victory." *Bryson*, 534 F.3d at 1286 (citing *Twombly*, 550 U.S. at 570).

The Court thus finds that Wagner's "complaint" cannot survive a motion to dismiss and therefore Defendant Big Horn County Sherriff Ken Blackburn's *Motion to Dismiss Plaintiff's Complaint* (Doc. 6) must be granted. Moreover, since a "district court may dismiss a case *sua sponte* under Federal Rule Civil Procedure 12(b) when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged," we also take this opportunity to dismiss Wagner's complaints against the other named defendants, Freedom Mortgage Corporation, Robert J. Hopp & Associates, LLC, Norman Howard Sahm and the State of Wyoming. *McGinnis v. Freudenthal*, 426 Fed. Appx. 625, 628 (10th Cir. 2011) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007)). Because Wagner's claims are wholly "lack[ing] an arguable basis either in law or in fact," they are of the frivolous sort that ought not detain this Court any longer. *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Upon review of the jurisdictional facts, the Court also finds that there is no federal subject matter jurisdiction over this case. Federal courts like this one are courts of limited jurisdiction. They may only hear cases arising under the federal Constitution or laws, 28 U.S.C. § 1331, and cases between citizens of different states involving a certain amount in controversy. 28 U.S.C. § 1332.

Here, Wagner alleges jurisdiction pursuant to 28 U.S.C. §§ 1333, 1337, 2461, and 2463. While § 1333 admiralty jurisdiction does arise under the federal Constitution, such that it is a proper basis of federal jurisdiction, admiralty jurisdiction clearly does not govern this case. Until

1972, the existence of admiralty jurisdiction was determined by a locality test: if the wrong occurred on navigable waters, the action was within admiralty jurisdiction; if it happened on land, it was not. *Executive Jet Aviation v. City of Cleveland*, 409 U.S. 249, 253 (1972). Now, admiralty jurisdiction also requires inquiry into the "relationship of the wrong to traditional maritime activity." *Id.* at 261; *see also Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982) (for admiralty jurisdiction to apply, the tort must have a "significant connection with traditional maritime activity"). Both conditions of location and of connection with maritime activity must be satisfied by a party seeking to invoke admiralty jurisdiction. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

However, it is apparent that Wagner's *Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim* (Doc. 1) meets neither the location nor the connection requirements laid out above. There is no connection whatsoever with the navigable waters of the United States nor is there any indication that the general character of the activities challenged by Wagner has any substantial connection to maritime activity. To the extent that Wagner asserts jurisdiction under admiralty, her "pleading" should thus also be dismissed as frivolous.

Neither does § 1337 provide a basis for finding subject matter jurisdiction in this Court. That section provides:

> (a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, that the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

> (b) Except when express provision therefor is otherwise made in a statute of the United States, where a plaintiff who files the case under section 11706 or 14706 of title 49, originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of any interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.
>
> (c) The district courts shall not have jurisdiction under this section of any matter within the exclusive jurisdiction of the Court of International Trade under chapter 95 of this title.

28 U.S.C. § 1337. While Wagner offers a litany of complaints about the various defendants, none of the conduct alleged suggests that federal statutory laws regulating commerce have been violated or are even implicated.[5] At best, Wagner complains about violations of state law, although even this proposition is dubious. Wagner's claims thus do not support a finding that 28 U.S.C. § 1337 confers subject matter jurisdiction here.

Sections 2461 and 2463 are equally unavailing. Section 2461, entitled "Mode of recovery," does not confer jurisdiction on federal district courts at all, but rather instructs how a litigant's fines or seized property might be reclaimed. 28 U.S.C. § 2461. Section 2463 provides that "all property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." 28 U.S.C. § 2463. It thus likewise deals with property recapture and is not a grant of jurisdiction.

---

[5] Most often, 28 U.S.C. §1337 provides a basis for jurisdiction in cases alleging violations of the Sherman or Clayton Acts or other antitrust laws, but no allegations of trust activity were made here.

Accordingly, finding it both patently obvious that Plaintiff Wagner cannot prevail on the facts alleged and that even if she could, this Court lacks subject matter jurisdiction over the case, we conclude that Wagner's case should be dismissed.

It is thus **ORDERED** that the above captioned matter shall be, and is, **DISMISSED IN ITS ENTIRETY, WITH PREJUDICE.**

Dated this 19th day of April, 2012.

_____
Alan B. Johnson
United States District Judge